**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

TON THAT MING QUAN,

Petitioner,

v. No. 1:26-cv-01993-MLG-KRS

WARDEN, Torrance County Detention Facility; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, MARY DE ANDA-YBARRA, Field Office Director, El Paso Field Office, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on pro se Petitioner Ton That Minh Quan's Petition for Writ of Habeas Corpus ("Petition"), filed June 22, 2026. *See* Doc. 1. Minh Quan challenges his continued detention without a bond hearing and seeks his immediate release or an individualized bond hearing. Doc. 1 at 2, 10. Federal Respondents[1] do not contest that Minh Quan was released on his own recognizance[2] after he entered the United States in April 2024 and was arrested when

---

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of the Cibola County Correctional Center.

[2] Release on recognizance is a form of conditional parole authorized by § 1226(a). *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (explaining that the federal government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025) ("[T]he government may release a noncitizen detained under Section 1226(a) on an Order of Recognizance, which is a form of conditional parole").

he voluntarily appeared for a scheduled appointment with Immigration and Customs Enforcement in August 2025. Doc. 1 at 4; Doc. 6 at 1-2.

Given these facts, and because there is no indication that Minh Quan is being held pursuant to 8 U.S.C. § 1226(c), the Court concludes § 1226(a) governs his detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"); *Diallo v. Orozco*, No. 2:26-cv-00066, 2026 WL 608746, at *2 (D.N.M. Mar. 4, 2026) (concluding that a petitioner who had been released on his own recognizance was necessarily subject to § 1226(a)). Minh Quan's detention constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See, e.g.*, *Diallo*, 2026 WL 608746, at *3-4 (employing the *Mathews v. Eldridge*[3] balancing test and holding that failure to provide a pre-deprivation hearing to a petitioner initially released on his own recognizance pursuant to § 1226(a)(2) constitutes a due process violation).

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *Diallo*, 2026 WL 608746, at *4-5 (ordering immediate release of a petitioner who had been released on his own recognizance and was then re-detained without first receiving a pre-deprivation hearing); *Sosa v. De Azbarra*, No. 1:26-cv-01167, 2026 WL 1453999, at *3 (D.N.M.

[3] 424 U.S. 319, 335 (1976).

May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Minh Quan from custody.
2. Upon Minh Quan's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA